UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAMARCUS D. JACKSON, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:21-CV-643-JD-MGG |
| WILLIAM HYATTE, | |
| Defendant. | |

OPINION AND ORDER

Damarcus D. Jackson, a prisoner without a lawyer, is proceeding in this case "against Warden William Hyatte in his individual capacity for compensatory and punitive damages for keeping him in a cell with no working lights, no windows, and exposed wires for three months beginning on August 24, 2020, in violation of the Eighth Amendment[.]" ECF 8 at 2. On March 23, 2022, Warden Hyatte filed a motion for summary judgment, arguing Jackson did not exhaust his administrative remedies before filing suit. ECF 18. With the motion, Warden Hyatte provided Jackson the notice required by N.D. Ind. L.R. 56-1(f). ECF 21. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a Response to Statement of Material Facts, which includes a citation to evidence supporting each dispute of fact. When that deadline passed with no response, the court extended the response deadline to October 19, 2022. ECF 28. That deadline

passed, too, with no response. The motion has been pending now for more than eight months, and so the court will now rule on Warden Hyatte's summary judgment motion without a response from Jackson.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the

2

burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

Warden Hyatte provides an affidavit from the Grievance Specialist at Miami Correctional Facility (MCF), who attests to the following facts:[1] During the three-month period beginning August 24, 2020, relevant to Jackson's complaint, an Offender Grievance Process was in place at MCF.[2] ECF 18-1 at 2. The Offender Grievance Process requires offenders to complete three steps before filing a lawsuit: (1) a formal attempt at resolution; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. ECF 18-1 at 2-3; ECF 18-2 at 3; ECF 18-3 at 3. Jackson's grievance records indicate he filed a grievance about the lighting in his cell, completing the first step in the grievance process. ECF 18-1 at 7; ECF 18-5 at 2. However, once the grievance office denied that grievance, Jackson did not complete the remaining steps by appealing the grievance office's decision. ECF 18-1 at 7; ECF 18-4.

Here, because it is undisputed Jackson submitted a grievance related to his claim against Warden Hyatte but did not appeal the grievance office's denial of that

---

[1] Because Jackson has not responded to the defendants' summary judgment motion, the court accepts the Grievance Specialist's attestations as undisputed. See Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

[2] The Offender Grievance Process in place at the beginning of the complaint period was revised, effective September 1, 2020. ECF 18-1 at 2; ECF 18-2; ECF 18-3. The revisions concerned the processing of medical grievances and did not affect the policy Jackson was required to follow to exhaust his claim.

grievance, the undisputed evidence shows Jackson did not fully exhaust a grievance related to his claim in this lawsuit. Thus, Warden Hyatte has met his burden to show Jackson did not exhaust his administrative remedies prior to filing this lawsuit. Summary judgment must be granted.

For these reasons, the court:

(1) GRANTS Warden Hyatte's summary judgment motion (ECF 18); and

(2) DIRECTS the clerk to enter judgment in favor of Warden Hyatte and against Damarcus D. Jackson and to close this case.

SO ORDERED on December 6, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT